UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 21-23373-CIV-WILLIAMS

JOSEPH H. SCHROEDER, II,

    Plaintiff,

vs.

GAMMA PHI BETA, *et al.*,

    Defendants.

_____/

## ORDER DISMISSING CASE

**THIS MATTER** is before the Court upon a *sua sponte* review of the Amended Complaint (DE 6) and Plaintiff Joseph H. Schroeder, II's Motion to Proceed *In Forma Pauperis* ("Motion") (DE 7). The Court has carefully reviewed the Amended Complaint and the Motion. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed an Amended Complaint against Gamma Phi Beta and Jenna Ann Gallegos. Plaintiff alleges that after he ended his relationship with Defendant Jenna Ann Gallegos, both Defendants "published and disseminated over social media, 100s of libelous and 'provably false' statements" that damaged his professional reputation. (DE 7 at ¶ 2.)

Because Plaintiff seeks to proceed *in forma pauperis*, the screening provisions of 28 U.S.C. § 1915(e) are applicable to this matter. Pursuant to that statute, courts are permitted to dismiss a suit "any time [ ] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are governed by the same standard as those under Rule 12(b)(6) of the Federal Rules of Civil

Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); s*ee also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a complaint may survive a Rule 12(b)(6) motion to dismiss only if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)"); *Ashcroft v. Iqbal*, 555 U.S. 662, 678-79 (2009) (explaining that a court need not accept legal conclusions as true and that only well-pleaded factual allegations are entitled to an assumption of truth). Although *pro se* pleadings are held to a less stringent standard and construed liberally, *see Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), a *pro se* complaint must satisfy the basic pleading requirements of applicable law and the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Upon review, the Court finds that Plaintiff has failed to state a claim even under the relaxed pleading standard afforded to *pro se* litigants. *See Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005). Even construing the Amended Complaint most liberally, the pleading is deficient under Federal Rule of Civil Procedure 8(a). *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[T]he *pro se* litigant must still meet minimal pleading standards."). Specifically, the Amended Complaint does not assert any specific cause of action, does not sufficiently allege any basis for the Court's jurisdiction, and does not request any relief or state a basis for Plaintiff's entitlement to relief.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1)   Plaintiff's Motion for *In Forma Pauperis* (DE 7) is **DENIED**.

(2) Plaintiff's Amended Complaint (DE 6) is **DISMISSED WITHOUT PREJUDICE**.

(3) All pending motions are **DENIED AS MOOT**.

(4) The Clerk of Court is directed to **CLOSE** the case.

**DONE AND ORDERED** in Chambers in Miami, Florida, this <u>8th</u> day of October, 2021.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

CC:

Joseph H. Schroeder, II
1425 E. Pinion
Derby, KS 67037